Note changes made by the Court.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BEAVERS, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ORANGE, OCSD DEPUTY MADERES, OCSD DEPUTY EDGERTON, OCSD DEPUTY COKER, and DOES 1 through 10, Inclusive, <br><br> Defendants. | CASE NO. 8:17-cv-00100-AG-KES <br> *[Assigned to Judge Andrew J. Guilford, Courtroom 10D]* <br><br> **[PROPOSED] PROTECTIVE ORDER RE ORANGE COUNTY SHERIFF DEPARTMENT PERSONNEL RECORDS** <br><br> **Complaint Filed: 1/22/17** <br><br> **Trial Date:    None** |

The Court being advised that the parties through their respective counsels of record stipulate to a protective order, precluding publication and limiting the use of documents and information contained within Orange County Sheriff's Department personnel files, grants this Protective Order over Orange County Sheriff's Department personnel files.

1

**[PROPOSED] PROTECTIVE ORDER RE OCSD PERSONNEL RECORDS**

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Good cause exists for issuance of a protective order pursuant to Federal Rule of Civil Procedure Rule 26(c) to facilitate the anticipated discovery efforts of Plaintiff Gary Beavers (hereinafter "Plaintiff") and to balance the privacy interests and protection of confidential information related to Orange County Sheriff's Department personnel files that are protected by California *Evidence Code* §§ 1040 et seq. and the official information privilege (*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)).

2. All documents produced by Defendant County of Orange (hereinafter "County") in the categories set forth above shall be marked "CONFIDENTIAL." If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the producing party. The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced by the County pursuant this Protective Order is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

3. All documents related to Orange County Sheriff's Department personnel files in this action, produced by the County subsequent to the entry of this Protective Order shall be subject to this Protective Order, and shall be deemed Confidential Information.

4. All Confidential Information provided in accordance with this Order may be used for all proceedings in this matter only, including law and motion, and all pre-trial matters. However, in the event that Confidential Information is used in the above pre-trial proceedings, the party submitting the Confidential Information must seek an order sealing that portion of the record.

5. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal,

pursuant to Local Rule 79-5 et seq. Further, the Parties hereby incorporate by reference the procedures in Local Rule 79-5 et seq. regarding the applications to file documents under seal. The application shall be addressed to the judge who will decide the underlying motion.

6. Testimony taken at any deposition, conference, hearing, or any pre-trial matter may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding. Arrangements shall be made by the County with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly. In the event that the Court rules that the Confidential Information is admissible, then the Court and/or jury may review said Confidential Information in open court in order to determine issues before the Court.

7. All Confidential Information produced in accordance with this Protective Order shall not be used in any deposition, legal proceeding, or in any other forum than the instant case, nor shall the Confidential Information be disseminated in any form **by the receiving party**, except by court order or subpoena, or until such time as the "CONFIDENTIAL" designation is removed by agreement of counsel for the parties or by further order of this Court. Should a party receive a subpoena for the Confidential Information acquired through litigation under this Protective Order, said party shall notify the party's whose records are sought promptly upon receipt of a subpoena for said records. Further, the party subpoenaed shall not waive any objections grounds of confidentiality, privacy rigths, privilege, or protections under California law provided by *Pitchess* codified in California Evidence Code section 1040 *et. seq*.

8. As to the parties, Confidential Information shall be viewed only by: (1) counsel of record for the receiving party, including associates, clerks, and secretarial staff for such parties, (2) independent experts retained by parties (and approved by the other parties), and (3) any associates, assistants, and secretarial personnel of such

3

[PROPOSED] PROTECTIVE ORDER RE OCSD PERSONNEL RECORDS

experts and other persons designated by agreement of counsel for the parties, and so long as said experts have agreed in writing in advance of any disclosure of Confidential Information to be bound by this Protective Order.  In the event that an individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information will be made to such individual.

9. Confidential Information produced in connection with this Protective Order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public by Plaintiff unless the Court has ruled that the information may be divulged to the media and the public.  The party seeking prevention of public disclosure must move the Court to do so as the Court will not order in advance that such document shall not be publicly disclosed.

10. Plaintiff's counsel may not disclose directly to the Plaintiff, either orally or in writing, the addresses and telephone numbers of any person identified in the Confidential Information, but may discuss with the Plaintiff the information obtained from any investigation conducted as a result of disclosed Confidential Information. Alternatively, Plaintiff's counsel may show a form of the Confidential Information to the Plaintiff so long as the names, addresses, telephone numbers, and/or any other identifying information of any person have been redacted.

11. In the event that any Confidential Information is used or referred to during the course of any court proceeding in this action, such information shall not lose its confidential status through such use.

12. Aside from the litigation or trial of this case, as allowed by the terms of the Protective Order, Plaintiff, Plaintiff's counsel, and those individuals **(other than the producing party)** authorized to review the information in connection with this civil matter are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally disclosing any of the disclosed Confidential Information to any person or entity for any purpose.

13. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

14. In the event that the terms of this Protective Order are violated or are threatened to be violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order. Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to **Local Rule 37**.

15. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise. Should a party violate the terms of this Order, the other party may seek relief in a court of competent jurisdiction after the final termination of this case, however, the Court of the present action will not retain continuing jurisdiction over the Order following the termination of the litigation.

16. Upon termination of the instant case, Plaintiff and Plaintiff's counsel shall return any and all Confidential Information or information designated as confidential, including deposition transcripts, and/or testimony taken at any court proceeding, to the County's attorney of record for this matter, within twenty (20) days following termination of this matter.

**IT IS SO ORDERED.**

DATED: November 16, 2017

*Karen E. Scott*
_____
Hon. Karen E. Sott
United States Magiatrate Judge